Holmes, J., concurring: I agree with the rest of the Court that a final decision in an S case precludes any claim in a later case that could have been raised, subject to the statur tory exception of section 6015(g)(2). I write separately only to note that the same result will certainly follow when the Court finally addresses the question of whether decisions in S cases collaterally estop losing parties from relitigating the same issues in later cases. See Mitchell v. Commissioner, 131 T.C. 215, 221-39 (2008) (Holmes, J., concurring). The Supreme Court has reminded us that we should not “carve out an approach to administrative review good for tax law only.” Mayo Found. for Med. Educ. & Research v. United States, 562 U.S. _, _, 131 S. Ct. 704, 713 (2011). The same goes for the federal common law of judgments: “The preclusive effect of a federal-court judgment is determined by federal common law.” Taylor v. Sturgell, 553 U.S. 880, 891 (2008). It is not our job to try to figure out whether preclusion is a good policy or a bad one and in what circumstances we think it best applies: “A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a ‘right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies.”’ Montana v. United States, 440 U.S. 147, 153 (1979) (quoting S. Pac. R.R. Co. v. United States, 168 U.S. 1, 48-49 (1897)).